OHIO TELEPHONE EQUIPMENT & SALES, INC., APPELLANT, *v.* HADLER REALTY COMPANY, APPELLEE.

(No. 83AP-1195—Decided May 2, 1985.)

*Tudor, Cloud & Cesner, George C. Georgeff* and *John M. Nicholson,* for appellant.

*Vorys, Sater, Seymour & Pease* and *Terry M. Miller,* for appellee.

STRAUSBAUGH, J. Plaintiff, Ohio

Telephone Equipment & Sales, Inc., appeals from the judgment of the Franklin County Municipal Court in favor of defendant, Hadler Realty Company, and raises the following single assignment of error:

"Given the specific facts of this case, the trial court erred in ruling that the appellant was required to make an additional demand for the return of the property in question after the appellee had regained actual possession of the premises."

Plaintiff filed a complaint against defendant on April 27, 1983, charging that defendant had converted to its own use certain telephone equipment leased by plaintiff to the Walter-Cooper Corporation ("WCC"), a tenant in defendant's building at 2000 West Henderson Road. Plaintiff alleged that WCC had failed to abide by the lease agreement for the telephone equipment and that a judgment had been obtained in the Franklin County Municipal Court for damages and return of the phones. On three separate occasions, plaintiff claimed it demanded the return of the telephones from defendant as the owner of the office which WCC leased and where the phones were installed, but defendant refused. Therefore, plaintiff asked for damages as a result of defendant's conversion of the phone equipment, for the reasonable rental value of the equipment and the value of the telephones as installed. Defendant, in its answer, admitted that several demands had been made in the past for the return of the telephone equipment purportedly located in the premises leased to WCC, but denied that it had converted the property to its own use.

The case was brought to trial before the court on October 21, 1983; and, after listening to the testimony presented, the court ruled in favor of defendant on plaintiff's complaint.

The record of the proceedings at trial reveals that WCC had entered into a lease agreement with defendant for office space at 2000 West Henderson Road. Testimony from Joseph Webber, Executive Vice-President of Hadler Realty Company in charge of management and leasing, indicated that WCC had failed to pay rent from at least June 1982, and that in March 1983 defendant considered the lease in default and took control of the premises in an attempt to find a new tenant. He testified that defendant was aware of the five phones located in the office rented to WCC and that he had been contacted on at least three occasions, beginning in September 1982, by plaintiff demanding the return of the phones. No demand was made, however, after March 1983. Webber also testified that defendant made it known to plaintiff that the equipment was available after it had taken possession of the premises in March 1983, but that defendant received no response. He further testified that he received a copy of the judgment acquired by plaintiff against WCC in December 1982, stating that plaintiff was entitled to the "* * * properties set forth in the lease agreement * * *." Finally, in September 1983, defendant removed the phones from the premises and placed them in storage.

Charles Robert Keeley, an officer for plaintiff, testified that numerous attempts had been made in 1982 to contact WCC concerning the phone equipment and its past-due rental payments, but that no one could be located. He claimed that defendant was then notified and asked to return the phones, but that defendant refused. He did not indicate that a demand was made for a return of the phones after March 1983.

At the close of the trial, the court rendered its decision orally from the bench and concluded that, because no new demand was made after defendant took possession of the property in March 1983, plaintiff was not entitled to a judgment. The demands made before March

1983 were ineffective because WCC was not considered in default or had not been evicted, so defendant did not have possession of the property or exercise dominion over it. The trial court also concluded that the previous demands did not continue and that plaintiff was required to reassert its demand for the return of the phones once defendant came into possession of the equipment. The trial court specifically stated:

"I would decide for plaintiffs [sic] otherwise than on the notice. I think you have to make a new demand, and I don't think you did. I don't think the demand continues because the demand falls on deaf ears. * * *"

The trial court further found that, although defendant could have obtained possession of the premises at an earlier date, it was not compelled to do so.

In support of its appeal, plaintiff argues that a further demand was not necessary for return of the telephone equipment after defendant had taken actual possession of the office space in March 1983 because the conversion had already occurred. After June 1982, WCC was in default of its lease with defendant; and, as a result, defendant had the right under the terms of the lease to reenter the premises and the ability to comply with plaintiff's demand before March 1983. Further, plaintiff argues that defendant had knowledge of the demands made by plaintiff at the time it took possession of the premises in March 1983 and that a new demand was not necessary. Such a requirement would represent nothing more than a legal technicality that worked an injustice against plaintiff.

A conversion is recognized as any exercise of dominion or control wrongfully exerted over the personal property of another in denial of or under a claim inconsistent with his rights. *Railroad Co.* v. *O'Donnell* (1892), 49 Ohio St. 489; *Baird* v. *Howard* (1894), 51 Ohio St. 57; *Fulks* v. *Fulks* (1953), 95 Ohio App. 515 [54 O.O. 131]; 18 Ohio Jurisprudence 3d (1980) 488, Conversion and Replevin, Section 12. In the instant case, before defendant took action to enter the leased office and attempted to find a new tenant, there was no indication that defendant exercised any dominion or control over plaintiff's phone equipment. While defendant did have the ability at an earlier date to consider the lease in default and enter the premises, as it did in March 1983, it was under no duty to do so before that date. By treating the lease as still in effect, WCC maintained possession of the phone equipment as the tenant and defendant had no right to enter the premises and remove plaintiff's property.

Plaintiff contends, however, that it was defendant's ability to enter the premises under the lease through default which placed it in a position of control, and that its inaction in the face of numerous demands for return of the phones constituted a wrongful exercise of dominion over plaintiff's property. Most jurisdictions take the position that, in the absence of some specific legal duty to deliver or forward the property, some affirmative act on the part of the defendant is usually required to constitute a conversion. 18 American Jurisprudence 2d (1965) 159, Conversion, Section 3. Under the circumstances of the instant case, defendant owed no contractual duty or obligation to plaintiff to terminate its lease with WCC or take possession of the phone system and return it as plaintiff had requested. Therefore, in the absence of such a duty and without any exercise of dominion or control over the phones, defendant's inaction did not constitute a conversion.

As for the circumstances arising after March 1983, the trial court specifically found that plaintiff was required to make a new demand upon defendant to recover the phones before a conversion could be established,

regardless of the fact that three demands had previously been made. A demand and refusal in a conversion action are usually required to prove the conversion of property otherwise lawfully held. *Fidelity & Deposit Co.* v. *Farmers & Citizens Bank* (1943), 72 Ohio App. 432, 434 [27 O.O. 344]. In other words, if the original taking was rightful and no act of dominion or control inconsistent with plaintiff's ownership had taken place, a demand and refusal are necessary. *Id.* Defendant herein took possession of the leased office through the lawful exercise of its rights as landlord under the terms of its lease agreement with WCC. At that time there was no evidence presented that defendant ever refused to make the phones available for plaintiff's removal. Although previous demands had been made for the return of the phones, defendant's actions after March 1983, in the absence of any further demand, were not inconsistent with plaintiff's right to ownership and possession of the equipment, since the equipment was left in the office as originally installed by plaintiff. Even with a new demand, defendant was, at the most, only required to provide plaintiff with the opportunity to enter the office and remove the equipment itself. Therefore, the trial court did not err in concluding that plaintiff was required to make a new demand before it could be found that a conversion had taken place.

Plaintiff also contends that, if a new demand was necessary, the filing of its complaint charging defendant with taking possession of the phone equipment and refusing to return it fulfilled that requirement, and that the denial of such action by defendant in its answer constituted its refusal. However, upon a review of the complaint, the facts referred to therein concern defendant's actions up to the filing date and its alleged refusal to return the equipment before that date. As indicated above, no such refusal occurred that was inconsistent with plaintiff's right to possession of the property. Moreover, defendant's answer filed in response to plaintiff's complaint specifically referred only to the allegations therein concerning its conduct up to the date of filing in compliance with Civ. R. 8(B). No evidence was presented that defendant at the time of filing or up to the date of trial refused to return plaintiff's equipment. Plaintiff's assignment of error is therefore overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and MOYER, J., concur.