**BENCH BILLBOARD COMPANY, Appellee,**

v.

**CITY OF COLUMBUS et al., Appellants.**

[Cite as *Bench Billboard Co. v. Columbus* (1989), 63 Ohio App.3d 421.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–656.

Decided June 29, 1989.

*Vorys, Sater, Seymour & Pease, Bruce L. Ingram* and *James E. Arnold,* for appellee.

*Ronald J. O'Brien,* City Attorney, and *Marvin E. Rothaar,* for appellants.

REILLY, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas.

Plaintiff Bench Billboard Company brought an action against defendants city of Columbus ("city") and Fred W. Lappert ("Lappert") after the city began to confiscate advertising benches owned by plaintiff. The city contended that the confiscation occurred because plaintiff's benches were located on property in the city's right-of-way and, consequently, were illegally located. Plaintiff alleged that the benches were properly located on the city's right-of-way because the city issued permits allowing the benches to be located there.

Subsequent to the issuance of the permits, the city enacted legislation that prohibited benches from being located in the right-of-way. Plaintiff contends that when this prohibition was enacted, the city allowed graphics that did not conform to the requirements of the new legislation by "grandfathering" all graphics for which permits had been issued.

Plaintiff sought a preliminary injunction and a permanent injunction to prevent the disposal of bench signs confiscated by the city. Plaintiff also sought to restrain the city from interfering with benches located throughout the city. Further, plaintiff sought damages for conversion and intentional tort.

The city filed a counterclaim for an injunction to prohibit plaintiff from placing any unlawful bench signs within the city and for damages for removing the unlawful benches and storage charges.

The trial court granted a preliminary injunction prohibiting the city from disposing of the confiscated benches and enjoined the city from removing any of plaintiff's remaining benches. The court also ordered the city to replace the confiscated benches within six weeks. Thereafter, the city was granted an additional three weeks within which to replace the benches, which was accomplished by August 1, 1987. The city appealed the trial court's injunction to this court, which dismissed the appeal *sua sponte* on November 4, 1987, because the appeal was not from a final appealable order or judgment.

The case was tried on the merits and the court requested proposed findings of fact and conclusions of law from the parties. Subsequently, the court entered judgment against both the city and Lappert, finding that they had acted in bad faith in removing the benches. Compensatory damages in the amount of $6,000 and attorney fees of $22,561.83 were awarded by the trial court. In an entry *nunc pro tunc,* the trial court dismissed the counterclaims of the city, awarded post-judgment interest and entered judgment against the defendants jointly and severally.

Appeals were taken from the trial court's judgment, and the entry *nunc pro tunc.* Subsequently, an "Order and Judgment Entry Nunc Pro Tunc and Stay of Order and Execution" was filed with the clerk of the trial court, purportedly made pursuant to Civ.R. 60(A), which reversed the trial court's earlier ruling that Lappert had acted in bad faith and limited the award of compensatory damages and attorney fees against the city. Moreover, plaintiff was ordered not to seek further satisfaction of its judgment pending appeal.

Plaintiff is an Ohio corporation which engaged in the business of advertising goods and services on advertising benches known as bench billboards for several years. Beginning in the 1960s, plaintiff obtained a bond and was

issued a license by the city's building regulation department to maintain its advertising benches in the city.

Immediately prior to the effective date of a new city ordinance regulating bench billboards and other graphics under the building code, Fred T. Graumlich, President of Bench Billboard Company, met with George K. Hodge, Superintendent of Building Regulation for the city, Mr. McGinnis, former superintendent, and Mr. Odgen, the senior sign inspector. At that meeting, the city's interpretation of Section 4355.11(D) of the Columbus City Code was discussed to determine if plaintiff was required to pay a fee for advertising benches located on private property which did not display advertising.

Hodge addressed this issue in a December 8, 1971 letter written to Graumlich regarding advertising benches located on a right-of-way, wherein he wrote:

"Where a bench board is placed in the street easement on city property and not on private property, the director must obtain the consent of the abutting property owner. The abutting property owner would be the owner of the property immediately behind the bench board."

Hodge's statement was confirmed by deposition testimony introduced at trial, wherein he testified that Section 4355.11 of the building code did not contain any language that would prevent the bench billboards from being located on city property. He also stated that the city would not have rejected an application for bench advertising located on the city's right-of-way.

In accordance with the permits issued to plaintiff in 1972 through 1975, plaintiff installed approximately two hundred sixty-six advertising benches in Columbus, many of which were located on property to which the city maintained a right-of-way. In October 1974, a "Graphics Code" was enacted, effective January 1, 1975. Hodge advised plaintiff on January 6, 1975 that under the new ordinance the bench billboards would be considered as existing graphics as long as ten dollars per bench for inspection fees was received. Consequently, plaintiff paid the fees and the city issued permits to plaintiff for all of its advertising benches located in the city, many of which were placed on the public right-of-way.

In December 1985, another employee of the Columbus Development Department advised plaintiff that if it posted a bond with the city, it would be able to maintain the existing benches as long as the graphics were in compliance with the code or maintained a continued nonconforming status. Plaintiff posted the bond and the benches remained in the right-of-way for the next nine years.

On October 9, 1984, Lappert, a development inspection supervisor for the city, cited plaintiff for advertising benches at certain locations as a violation of

Columbus City Code Section 3377.15, or Section 2327.02, or both. The citation involved an amendment effective January 1, 1975, that being Section 3377.15, which prohibited graphics in the right-of-way. Thereafter, plaintiff gave copies of the permits to Lappert. Subsequently, on August 15, 1986, Lappert advised plaintiff that it must remove all "unlawful placed signs" no later than August 20, 1986. Lappert testified at trial that the two-year period during which he had no contact with plaintiff resulted from a conflict within the city as to whether the city should attempt to remove advertising benches when, at the same time, the city itself was considering the sale of advertising space on bus shelters.

Plaintiff again responded by advising Lappert of the valid nonconforming use status of its benches. In September 1986, the city began to remove the plaintiff's benches from the city's right-of-way and, as of December 3, 1986, the city had removed one hundred sixteen of plaintiff's benches. Many of the benches were not located in the right-of-way, but were placed on private property.

Thereafter, on December 24, 1986, plaintiff obtained a temporary restraining order prohibiting disposal of the benches confiscated by the city. Plaintiff was awarded a preliminary injunction wherein the city was required to replace the removed benches and to refrain from removing any benches located on property to which the city had a right-of-way.

Defendants advance the following assignments of error:

"I. The trial court erred in granting injunction for the plaintiff based on a finding there was a nonconforming use.

"II. The trial court erred in failing to find that use of right-of-way by the plaintiff was a revocable licensee, revoked by ordinance.

"III. The trial court erred in violation of Franklin County Common Pleas Court Local Rule 39.

"IV. The trial court erred in awarding punitive damages (attorney fees) to the plaintiff.

"V. The trial court erred in the amount of special damages awarded to the plaintiff.

"VI. The injunction is vague and unenforceable."

In the first assignment of error, the city maintains that the trial court erred in granting an injunction for plaintiff based on a finding that there was a legal nonconforming use.

The trial court did not err in finding that the bench billboards were a legal nonconforming use at the time of their confiscation by the city. Plaintiff was

issued permits prior to September 15, 1975, wherein the company was not prohibited from locating the advertising benches on the public right-of-way by either ordinance or practice. The evidence is clear that the city was informed of the bench locations, as it issued the permits and collected inspection fees for advertising benches located on the public right-of-way.

The history of the pertinent legislation definitely indicates that the city expressly granted nonconforming use status to graphics for which permits were issued. Since January 1, 1975, the city sanctioned nonconforming use status to all graphics that were issued permits pursuant to Columbus City Code Section 3377.23. Thereafter, the city again provided for nonconforming use status to any graphics for which a permit had been issued. Columbus City Code Section 3397.05(b). Subsequently, the city broadened the grandfather clause of Columbus City Code Section 3397.05(b) by substituting the word "legal" with the word "permit." Again, in 1977, the city revised its regulations relating to graphics by enacting Columbus City Code Section 3381. Columbus City Code Section 3381.06 provides:

"(a) Any graphic lawfully in existence prior to January 1, 1975, or located in areas annexed thereafter, that does not conform with the provisions of this Article is considered to be non-conforming.

"(b) Any graphic that does not conform shall be allowed to continue in its non-conforming status provided the graphic was lawful on or before January 1, 1975."

Accordingly, because plaintiff had been issued permits, it held nonconforming use status once the prohibition against billboards in the right-of-way came into existence. Thus, the city could not terminate a nonconforming use which does not constitute a nuisance or a threat to the public, health, or welfare. See *Ghaster Properties, Inc. v. Preston* (1964), 176 Ohio St. 425, 27 O.O. 388, 200 N.E. 328; *Akron v. Chapman* (1953), 160 Ohio St. 382, 52 O.O. 242, 116 N.E. 697. There has been no such showing.

Lappert testified that the graphics permits could not have been obtained unless the applicant, herein plaintiff, was in complete compliance with all applicable code provisions. There was substantial credible evidence that plaintiff had been issued permits for its benches to be located on the city's right-of-way; that the city was aware and approved of the bench billboards located in the right-of-way; that the city granted nonconforming use status to any graphics for which the permits had been issued; that the city inspected these benches and permitted them to remain in the right-of-way for greater than ten years without challenging their location; that the city's officials in charge of regulating bench billboards stated that the benches were legally located in the right-of-way at the time they were issued permits; and that the

city did not take the necessary steps to determine whether plaintiff was in compliance with the pertinent ordinances.

Therefore, the first assignment of error is not well taken.

The second assignment of error is not well taken as the crux of defendants' argument is that plaintiff merely acquired a license to use the right-of-way, which was subsequently revoked by ordinance.

The applicable ordinance, effective September 15, 1975, which repealed both Columbus City Code Chapter 3377 and Chapter 4355, and then re-enacted as Section 3391, was the first time any city ordinance expressly prohibited the placement of any graphic within any public right-of-way, but nonetheless, the city grandfathered graphics that had been legal or lawful on or before January 1, 1975. The legislative history of subsequent related ordinances is unequivocal that the city expressly granted nonconforming use status to graphics for which such permits had been issued.

Columbus City Council by ordinance established certain rights, including continuation of nonconforming graphics in the right-of-way. The officers disregarded the clear intent of the law and in effect "took the law into their own hands." They apparently applied their concept of what the law should be instead of what had been executed by city council.

Defendants' second assignment of error is not well taken.

In the third assignment, defendants contend that the trial court erred in violation of Loc.R. 39.01 of the Court of Common Pleas of Franklin County, General Division, which provides:

"Unless the trial judge otherwise directs, counsel for the party in whose favor an order, decree, or judgment is rendered, shall within five (5) days thereafter prepare the proper journal entry, and submit it to the counsel for the adverse party, who shall approve or reject the same within three (3) days after the receipt thereof. Name of the counsel and of the trial judge shall be typed or printed upon the entry. When the entry is approved by counsel, it shall be so endorsed and presented to the judge to whom the case is assigned for approval and if signed by him shall then be filed with the Clerk. If counsel are unable to agree upon the entry, it shall be submitted to the trial judge, who will direct what entry shall be made.

"If counsel fails to present an entry within twenty (20) days after the order decreed, or judgment is rendered, the trial judge may cause the proper entry to be prepared and filed without submission or notice to counsel or take such other action as may be appropriate under the circumstances."

There was no violation of Loc.R. 39.01 nor was any alleged error prejudicial to defendants. Plaintiff's counsel complied with the court's specific request

for an immediate entry and filed it at the court's request. The entry signed by the trial court was at its direction and consistent with the trial court's findings of fact and conclusions of law. At any rate, we can find no indication that the city was prejudiced or deprived of a substantial right by any alleged violations of Loc.R. 39.

Defendants' third assignment of error is not well taken.

In the fourth assignment of error, the city argues that the court erred in awarding plaintiff attorney fees. Such fees may be recovered as special damages in a case of conversion, *Fulks v. Fulks* (1953), 95 Ohio App. 515, 54 O.O. 131, 121 N.E.2d 180, or where bad faith is shown. They are also recoverable as punitive damages. See *Gahanna v. Eastgate Properties, Inc.* (1988), 36 Ohio St.3d 65, 521 N.E.2d 814. The trial court found that both defendants had acted in bad faith by intentionally converting plaintiff's property. As there was competent, credible evidence to support the trial court's finding of bad faith, attorney fees were properly awarded. The evidence presented at trial indicates that attorney fees were incurred in the amount of $22,561.83. The city did not object to the admission of evidence at trial concerning attorney fees or dispute the amount awarded. Thus, defendants have waived any challenge to the amount of the award as well.

The fourth assignment of error is not well taken.

In the fifth assignment of error, defendants argue that the trial court erred in its award of $6,000 in compensatory damages to plaintiff. Conversion is a wrongful exercise of dominion or control over property belonging to another, in denial of or under a claim inconsistent with his rights. See *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.* (1985), 24 Ohio App.3d 91, 24 OBR 160, 493 N.E.2d 289. There was also substantial credible evidence to support the trial court's finding that the city converted plaintiff's property. There was substantial credible evidence in the record to support the trial court's award of compensatory damages in the amount of $6,000. While the city argues that plaintiff suffered damages no greater than $3,100, this court will not substitute an amount different from that determined by the trial court since there is no indication in the record that the trial court's award was an abuse of discretion. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411–412, 461 N.E.2d 1273, 1276. The trial court had before it substantial credible evidence as to the repairs of the benches and reviewed numerous receipts related to costs incurred for bench repairs.

Defendants' fifth assignment of error is not well taken.

In the sixth assignment of error, defendants argue that the injunction is vague and unenforceable. The standard to be applied is whether an

injunction speaks with sufficient clarity, and was set forth in *State, ex rel. Fraternal Order of Police, v. Dayton* (1977), 49 Ohio St.2d 219, 3 O.O.3d 360, 361 N.E.2d 428, wherein the court, quoting *Internatl. Longshoremen's Assn. v. Philadelphia Marine Trade Assn.* (1967), 389 U.S. 64, 88 S.Ct. 201, 19 L.Ed.2d 236, found that the " * * * decree sought to be enforced must not be too vague to be understood." *Id.* at 49 Ohio St.2d 223, 3 O.O.3d at 362, 361 N.E.2d at 432.

The court's judgment entry, in pertinent part, reads:

"1. * * * The City is hereby permanently enjoined from removing or otherwise tampering with any of the advertising benches owned by plaintiff for the reason that such benches are located on property as to which the City of Columbus claims a right-of-way[.]"

The entry is sufficiently specific and should not be a basis of confusion in that it is apparent that the city cannot remove any of plaintiff's benches from the right-of-way since they all were so permitted to be located in the right-of-way when the city issued its permits.

Defendants' sixth assignment of error is not well taken.

Plaintiff's motion for an award of attorney fees and costs is overruled, as this court finds that defendants' appeal is not frivolous in its entirety.

For the foregoing reasons, defendants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Motion for attorney fees overruled and judgment affirmed.*

WHITESIDE and MARTIN, JJ., concur.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.