OPINION
Defendants-appellants, New Horizon Builders, Inc. ("New Horizon") and Michael J. Hancock, President of New Horizon, appeal the decision of the Clermont County Court of Common Pleas awarding damages in favor of plaintiff-appellee, Deborah M. Willis, a former New Horizon employee, due to appellants' conversion of computer software and related materials (the "software package"). We affirm.
Before being employed with New Horizon, appellee worked for Cellular One in a similar capacity, but had left that employment due to job-related stress. After meeting Hancock, appellee was originally employed as a consultant for New Horizon. Appellee was later hired to market the sale of homes for New Horizon. As a condition of her employment at New Horizon, appellee needed her work with New Horizon approved by the Bureau of Vocational Rehabilitation ("BVR"). Through BVR, appellee was given a consulting program named "Prospect Action Control." The program was designed by William Webb for his business, William N. Webb 
Company, Inc. and a license was originally purchased by BVR for $4,895. A Services Agreement introduced at trial lists BVR and appellee as licensees to use the software package.
The consulting program allowed appellee to keep track of clients and customers as well as dates and times when certain work tasks needed to be completed. The software package included diskettes for the consulting program, diskettes for a word processing program and instructional manuals.
On September 20, 1994, appellee and Hancock had a discussion about appellee's delegation of work to an assistant. As the discussion continued, Hancock became agitated and eventually told appellee that she did not understand her job. He stated that appellee should "[j]ust get out of here." At that point, appellee attempted to assemble her personal belongings. However, Hancock refused to return to appellee any of the computer diskettes or manuals included in the software package.
Appellee filed a complaint against appellants for, inter alia, conversion of the software package. A bench trial occurred on May 13, 1997. At the trial, appellants stipulated that the software package was appellee's property. In a January 15, 1998 decision and entry, the trial court found appellants liable for conversion of the software package and awarded damages of $4,895, plus interest from the date of conversion. Appellants filed a timely notice of appeal and present one assignment of error for our review:
 THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH LIABILITY ON BEHALF OF DEFENDANT NEW HORIZON BUILDERS, INC. OR MICHAEL J. HANCOCK FOR CONVERSION OF PERSONAL PROPERTY.[1]
A conversion is "any exercise of dominion or control wrongfully exerted over the personal property of another in denial of or under a claim inconsistent with his rights." Ohio Tel. Equip. 
Sales, Inc. v. Hadler Realty Co. (1985), 24 Ohio App.3d 91, 93
(citations omitted). Appellants insist that the evidence was insufficient to prove conversion because (1) appellee was merely a licensee, not the legal owner of the software package, (2) appellee voluntarily relinquished ownership, interest and possession in the software package by installing the software in New Horizon's computer and (3) appellee never paid for the software package. Regardless, appellants claim that Hancock, the President of New Horizon, is not personally liable for the conversion. We consider each of these arguments.
Based upon the record, the trial court reasonably could have concluded that appellee had possession and a license for the software package. Indeed, appellants stipulated at trial that the software package was appellee's property. By depriving appellee of the software package when she left her employment at New Horizon, appellants interfered with her rights as a licensee of the software package. Despite appellants' assertions to the contrary, appellee need not be the legal owner of the software package. The test is whether appellants' actions were inconsistent with appellee's rights as a possessor and licensee of the software package. Preston Trucking Co., Inc. Frontier Division v. Lindamood (Oct. 19, 1987), Warren App. No. CA86-12-076, unreported, at 5, citing Schaeffer v. Marienthal, Lehman Co. (1867), 17 Ohio St. 183.
The fact that appellee received the software package free from BVR is irrelevant. The software package had a stated value of $4,895 and appellee was a valid licensee of that software. See Glidden v. Mechanics' National Bank (1895), 53 Ohio St. 588, 594. Following appellants' reasoning, if someone receives a valuable gift of personal property, anyone would be entitled to take the property without having committed conversion.
Appellants insist that appellee voluntarily relinquished control of the software package by installing and using the software during her employment with New Horizon. See, generally, Frisbie Co. v. East Cleveland (1918), 98 Ohio St. 266, 277 ("[I]t is * * * fundamental that if the owner expressly or impliedly assents to or ratifies the taking, use or disposition of his property he cannot recover for the conversion thereof"). We note that appellants cite no legal authority — and we are aware of none — for the proposition that an employee's installation of a computer program on an office computer per se relinquishes the employee's rights as a licensee to the software. Accordingly, whether the software package was converted was for the trier of fact to determine.
The facts indicate that appellee considered the software package her property and appellants stipulated to this fact at trial. Even if a particular software application created during her employment at New Horizon, such as a form letter, has no use beyond appellee's employment with New Horizon, it does not logically follow that the software package belongs to appellants. In short, the decision of the trial court that appellants converted the software package is amply supported by the evidence.
Finally, appellants insist that Hancock, the corporate President of New Horizon, cannot be held personally liable for a conversion he committed while in the course of his duties. However, we concur with Ohio case law that has reached precisely the opposite conclusion. Cent. Benefits Mut. Ins. Co. v. RIS Admrs. Agency, Inc. (1994), 93 Ohio App.3d 397, 403, discretionary appeal denied, 70 Ohio St.3d 1416, citing Shaffer v. Frontrunner, Inc. (1990), 57 Ohio App.3d 18, 22. Accordingly, the single assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] When the single assignment of error was listed in the argument section of appellants' brief, the phrase "BUSINESS PROPERTY" is written instead of "PERSONAL PROPERTY." However, it is clear that the issue is whether the software package is appellants' business property or appellee's personal property.