DECISION AND JUDGMENT ENTRY
Chauncey Neal, Sr., sued his son, Harold Neal, for the purported conversion of several items of personal property. After two previous appeals and remands, the trial court again entered judgment in favor of the son, Harold Neal. Chauncey Neal once again appeals and assigns the following error:
 THE JUDGMENT OF THE TRIAL COURT IS CONTRARY TO LAW AS IT IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
An appellate court will not reverse a trial court's judgment so long as it is supported by any competent, credible evidence going to all of the essential elements of the case. Sec. PacificNatl. Bank v. Roulette (1986), 24 Ohio St.3d 17, 20; C.E. MorrisConstr. Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. Under this highly deferential standard of review, a reviewing court does not decide whether it would have come to the same conclusion as the trial court. Rather, we are required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. We are guided by the presumption that the trial court's factual findings are correct because of the knowledge that the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 79.
Conversion is "any exercise of dominion or control wrongfully exerted over the personal property of another in denial or under a claim inconsistent with his rights." Cent.Benefits Mut. Ins. Co. v. RIS Admrs. Agency, Inc. (1994).,93 Ohio App.3d 397, 402, citing Ohio Tel. Equip. Sales, Inc. v. Hadler Realty Co. (1985), 24 Ohio App.3d 91,93. In this case, appellant testified that he returned home one day and observed appellee's truck, which was filled with appellant's personal belongings including a rug shampooer, a vacuum cleaner, jewelry and medications, on his property. Upon seeing appellant approach, appellee fled the premises with the items. Appellant testified that shortly after this incident, appellee ransacked his greenhouse and removed several items including potting vases, flats, hanging baskets, Pro-Mix, buckets and heaters.
Appellant testified that he owned the greenhouse business with his wife, Audrey Neal, until the partnership was dissolved and they divided the remaining business assets. Appellant contended that appellee had no ownership interest in the business and had not purchased any of the items he removed from appellant's premises. Appellant introduced copies of receipts dating back to 1988 and testified that many of the receipts corresponded to the items taken by appellee. Appellant denied that the items he listed in his complaint were the same items his wife had previously sued appellee over, despite the fact that many of the listed items were the same in both complaints.
Alice Neal, appellant's daughter and appellee's sister, testified in appellant's case in chief. Ms. Neal stated that she saw appellant purchase items for the greenhouse, that appellant and Audrey Neal owned the greenhouse business and that appellee did not own the business or purchase supplies for it. Ms. Neal also testified that she saw appellee's truck filled with items belonging to appellant at her parents' home. She also observed appellee's truck, filled with items from the greenhouse, drive down the road at 3:00 a.m. Ms. Neal was impeached with prior testimony in which she stated that appellee owned the greenhouse business.
Appellee was the only defense witness to testify. He stated that he took over the business from his parents in 1989. Appellee's parents continued most of the day-to-day business operations but he paid for supplies, paid sales tax and declared profits and losses from the business on his income taxes. Appellee stated that his parents continued to purchase items needed for the greenhouse operation but appellee would later reimburse them for their expenditures.
Appellee further testified that he did not remove any items from the greenhouse or his parents' home. Rather, Audrey Neal removed the items when she separated from appellant. She brought the items to appellee's home and told appellee that she took the items from the greenhouse because they belonged to appellee and she wanted to make sure he received them. Appellee retained and later sold the greenhouse items because he had paid for them. Appellee also testified that he does not have any of the items appellant says were removed from his home. These items were taken by Audrey Neal when she moved out of appellee's home and began residing with appellant again.
Based on this evidence, the trial court's judgment is supported by competent, credible evidence.[1] Appellee's testimony presented an adequate defense to appellant's conversion claim. Specifically, appellee's testimony supports a finding that appellee did not remove any items from appellant's home or the greenhouse and that he was the rightful owner of the greenhouse property which he retained and later sold. The trial judge was in the best position to weigh the credibility of the witnesses; therefore, it would be improper to overturn the decision by substituting our judgment for that of the trial court.
The sole assignment of error is overruled.
JUDGMENT AFFIRMED.
[1] Pursuant to our previous remands, the trial court expressly noted that it did not consider the testimony of Audrey Neal.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J. ABELE, J.: Concur in Judgment and Opinion.
For the Court
BY: WILLIAM H. HARSHA, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.