OPINION
This is an appeal by The Marion Plaza, Inc., appellant ("Marion Plaza"), from the summary judgment granted by the Marion County Court of Common Pleas in favor of appellee, The Fahey Banking Company ("Fahey Bank"), on Marion Plaza's complaint. It also granted summary judgment to Fahey Bank on its counterclaim for conversion.
The background facts giving rise to this appeal are as follows:
Marion Plaza is the owner and landlord of Marion Plaza, a shopping center in Marion, Ohio. Marion Plaza leased Unit 11A of the plaza to Vern Ott, dba Plaza Bowling Lanes, in which a bowling alley was operated. Ott fell behind in his lease payments to Marion Plaza and Marion Plaza changed the locks of Unit 11A on March 31, 1997. The next day a fire broke out in Unit 11A. Thereafter, on July 15, 1997, Marion Plaza, a judgment creditor, initiated a garnishment action against Ott, dba Plaza Bowling Lanes, and was able to collect insurance proceeds in the amount of $75,142.43 held by CNA Insurance Company.
Fahey Bank undisputedly held a perfected security interest in the Ott collateral, dba Plaza Bowling Lanes, kept in the leased plaza unit by virtue of the bank's security agreements and financing statements. On February 27, 1998, Marion Plaza sent a letter to Fahey Bank informing the bank that it was "moving forward with reletting the former Plaza Bowling Lanes unit," that it was requesting the bank to remove the collateral, and that it was demanding payment of rent for storage. On June 1, 1998, Fahey Bank removed its collateral from Unit 11A.
Subsequently, in August 1998, Marion Plaza filed a complaint for money only in the Mahoning County Court of Common Pleas against Fahey Bank. On November 13, 1998, Fahey Bank's motion to change venue was granted and the case was transferred to the Marion County Court of Common Pleas. Pursuant to its complaint, Marion Plaza sought to recover for Fahey Bank's use and occupancy of the plaza unit where the collateral was stored from April 1997 until it was removed from Marion Plaza's premises in June 1998. Fahey Bank filed an answer to the complaint and counterclaimed, for among other things, conversion of the insurance money which allegedly constituted proceeds of the damaged collateral in which it held a perfected security interest.
Marion Plaza filed a motion for summary judgment in which it requested judgment in the amount of $84,000, plus interest, for the use and occupancy of the rental unit where Fahey Bank's collateral was kept. In this motion, Marion Plaza argued that it was entitled to recovery under a quasi-contract theory because storing the bank's collateral conferred a benefit upon Fahey Bank. Marion Plaza also requested summary judgment on all counts against it in Fahey Bank's counterclaim.
Fahey Bank filed a cross-motion for summary judgment on its claim against Marion Plaza for conversion, as well as a memorandum contra to Marion Plaza's summary judgment motion. As support for its motion, Fahey Bank points out that, by virtue of the security agreements in this case and the provisions of R.C. 1309.25, its security interest continues in identifiable proceeds, including insurance proceeds. Fahey Bank relied on the affidavit to obtain the garnishment presented with Marion Plaza's motion to establish Marion Plaza had admitted that the "insurance proceeds it obtained were for fire damage to Ott's property at the bowling alley." To oppose Marion Plaza's motion for summary judgment, Fahey Bank argued that the quasi-contract theory is inapplicable because the collateral was neither owned nor possessed by the bank.
By a response filed on February 4, 2000, Marion Plaza asserted that laches or waiver barred Fahey Bank's action for conversion. Additionally, Marion Plaza challenged Fahey Bank's position that it had admitted to garnishing proceeds of the bank's collateral based on the affidavit presented.
On June 6, 2000, the trial court, without opinion, granted summary judgment in favor of Fahey Bank as to Marion Plaza's unjust enrichment claim, and granted Fahey Bank's summary judgment motion on the conversion count and awarded the bank a judgment in the amount of $75,142.43, plus interest. The court ordered that the remaining counts of Fahey Bank's counterclaim be dismissed. Marion Plaza now appeals from this judgment and raises the following three assignments of error for our review:
 I. The trial court erred, as a matter of law, by granting summary judgment to the Defendant/Appellee on its counterclaim for conversion based on the garnishment of insurance money by Plaintiff/Appellant.
 II. The trial court erred, as a matter of law, by denying the Plaintiff/Appellant's motion for summary judgment and dismissing the Plaintiff/Appellant's claim for compensation on the theory of unjust enrichment based on the Defendant/Appellee's use and occupancy of real property to store its collateral.
 III. The trial court erred, as a matter of law or as an abuse of discretion, by awarding prejudgment interest to Defendant/Appellee.
Pursuant to Civ.R. 56, summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Further, summary judgment shall not be rendered unless "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence *** construed most strongly in the party's favor." Civ.R. 56(C).
Marion Plaza's first assignment of error asserts that the trial court erroneously granted summary judgment on the counterclaim against it for conversion. In its brief, Marion Plaza sets forth five arguments as to why its garnishment of funds from the insurance company did not constitute conversion in the instant case. Among its arguments is the contention that Fahey Bank failed to provide any evidence showing that it holds a perfected security interest in the garnished insurance funds as "identifiable proceeds" of its secured collateral. Marion Plaza bases this contention upon its argument that Fahey Bank failed to trace its original collateral into the insurance funds received by Marion Plaza.
Marion Plaza correctly relies on R.C. 1309.25 in this case. Under R.C.1309.25(A), insurance payable by reason of loss or damage to the collateral is proceeds, except to the extent that it is payable to a person other than a party to the security agreement. R.C. 1309.25(B) provides that, except where otherwise provided in R.C. Chapter 1309, a security interest continues in any identifiable proceeds. The term "identifiable" is not defined in Ohio's commercial code, but the term has been interpreted as requiring some ability to trace the proceeds. See 9 Hawkland, Lord Lewis, UCC Series (1996) 40-42, Section 9-306:3; Cissellv. First Natl. Bank of Cincinnati (S.D.Ohio 1979), 476 F. Supp. 474,492; Bank One, Cleveland, NA v. Ohio Convenient Food Mart, Inc. (Aug. 23, 1991), Lake App. No. 90-L-15-157, unreported, 1991 WL 163447, at 3.
As noted by Marion Plaza in its brief, Fahey Bank relied in its motion for summary judgment on Marion Plaza's affidavit to obtain the garnishment of the insurance payment for the summary assertion that Marion Plaza had admitted it obtained insurance proceeds for fire damage to Ott's property at the bowling alley. Fahey Bank's contention is inaccurate. The description of the property in said Affidavit, Order and Notice of Garnishment is as follows:
 Any and all insurance claim settlement proceeds payable to Vernon D. Ott dba Plaza Bowling Lanes including, but not limited to, funds payable under Policy No. B1-44716758 related to an insurance claim filed by Vernon D. Ott dba Plaza Bowling Lanes for property damage occurring on or about April 1, 1997, to Plaza Bowling Lanes, Marion, Ohio.
From this affidavit, it appears that Marion Plaza garnished "any and all" insurance proceeds, not just proceeds limited to the collateral. Therefore, if the payment issued by the insurance company had not been compensation for the damage or loss of the collateral in which Fahey Bank held a security interest, then the bank would not have an interest in that payment as proceeds of its collateral.
Fahey Bank nevertheless argues in its brief that it had also presented the affidavit of its President, Carl F. Hughes, and the affidavit of its counsel, Martin J. Hughes, III, indicating that the insurance payment was proceeds of the bank's collateral. The Bank President stated in his affidavit that the bank "was neither notified of nor a party to the garnishment proceedings whereby Plaza, Inc. obtained the insurance proceeds of the collateral owned by Ott that secured Fahey's loans." The affidavit from Fahey Bank's counsel stated as follows: "Counsel also informed Plaintiff's counsel that Fahey had learned of Plaza's recovery or [sic] insurance proceeds of Fahey's collateral." With only those self-serving assertions offered to demonstrate the absence of issues of fact and no specific evidence to support them, we are reluctant to conclude as a matter of law that Fahey Bank had an interest in the insurance payment at issue as proceeds of its damaged or destroyed collateral for purposes of its claim for conversion. What the garnished proceeds of Ott's insurance policy with CNA compensated for and whether or not such insurance proceeds would have covered business-interruption loss or the structure, as Marion Plaza has suggested, are questions of fact which cannot be resolved by the record before this court.
As a separate argument under its assignment of error, Marion Plaza contends that even if Fahey Bank does have a perfected security interest in the insurance proceeds, the bank was still not entitled to summary judgment because it failed to present evidence that it was entitled to possession of the proceeds. Citing Frierson v. United Farm Agency, Inc.
(C.A.8, 1989), 868 F.2d 302, it is argued, for the first time, that Fahey Bank as a secured party has not shown its right to take possession unless it establishes that the debtor was in default at the time the funds in question were garnished. Since this particular argument was never raised in the trial court, it is an improper basis for assigning error. UnitedNatl. Bank of Parkersburg, W.VA. v. Norton Machine Co., Inc. (1991),81 Ohio App.3d 101, 105, citing Rosenberry v. Chummey (1960),171 Ohio St. 48, 50; LeFort v. Century 21-Maitland Realty Co. (1987),32 Ohio St.3d 121, 123.
Nevertheless, we note that the case authority cited by Marion Plaza merely stands for the proposition that a superior secured creditor cannot defeat enforcement proceedings by a judgment creditor against a common debtor when the secured creditor has neither declared its own loan in default nor initiated a good faith execution of its affirmative remedies. United Natl. Bank, supra, at 107, citing Martens v. HadleyMem. Hosp. (D.D.C. 1990), 729 F. Supp. 1391, 1393-1395. Pursuant to R.C. 1309.46, a secured party has the right to take possession of the collateral upon default. The unchallenged evidence provided to the trial court reveals that Fahey Bank's loans to the Otts were indeed in default. Since the loans were currently in default, the Bank was entitled to possession of the disputed proceeds if it can trace the proceeds from its collateral pursuant to R.C. 1309.25. Frierson, supra, at 305; United Natl. Bank, supra, at 107.
Additionally, the Bank contends that the trial court erred in the granting of Fahey Bank's motion for summary judgment as to the issue of whether the bank had demanded the return of the garnished funds before the filing of a counterclaim for conversion. In connection with that issue is the issue of whether Marion Plaza's receipt of the garnished funds was wrongful.
 Conversion is the wrongful control or exercise of dominion over property belonging to another inconsistent with or in denial of the rights of the owner. Bench Billboard Co. v. Columbus (1989), 63 Ohio App.3d 421, 579 N.E.2d 240; Ohio Tel. Equip. Sales, Inc. v. Hadler Realty Co. (1985), 24 Ohio App.3d 91, 24 OBR 160, 493 N.E.2d 289. In order to prove the conversion of property, the owner must demonstrate (1) he or she demanded the return of the property from the possessor after the possessor exerted dominion or control over the property, and (2) that the possessor refused to deliver the property to its rightful owner. Id. The measure of damages in a conversion action is the value of the converted property at the time it was converted. Brumm v. McDonald Co. Securities, Inc. (1992), 78 Ohio App.3d 96, 603 N.E.2d 1141.
Tabar v. Charlie's Towing Serv., Inc. (1994), 97 Ohio App.3d 423,427-28. A demand and refusal in a conversion action are usually required to prove the conversion of property otherwise lawfully held. Ohio Tel.Equip. Sales, Inc. v. Hadler Realty Co. (1985), 24 Ohio App.3d 91,94, citing Fidelity Deposit Co. v. Farmers Citizens Bank (1943),72 Ohio App. 432, 434.
Herein, even if Marion Plaza obtained the insurance payment at issue through the lawful exercise of its rights as landlord, the evidence submitted falls short of meeting the bank's burden of demonstrating that there was no genuine issue of fact upon its claim. See Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. From the affidavit of Fahey Bank's counsel, it appears that the bank's preferred position to proceed against Ott and other collateral and only against Marion Plaza if necessary was conveyed to Marion Plaza's counsel, but if Marion Plaza pursued a claim for rent, Fahey Bank wanted the insurance proceeds immediately and would counterclaim for the same. Reasonable minds could have come to different conclusions as to whether such a situation could be seen as a demand for the return of the insurance proceeds.
Finally, Marion Plaza's remaining argument concerns whether Fahey Bank's claim for conversion was barred by its defense of either laches or waiver. These are affirmative defenses listed in Civ.R. 8(C) upon which Marion Plaza would bear the burden of proof at trial. Thus, in response to the bank's motion for summary judgment, Marion Plaza is obliged to bring forth evidence demonstrating triable issues of fact on these allegations. Countrymark Cooperative, Inc. v. Smith (Dec. 8, 1997), Hancock App. No. 5-97-21, unreported, 1997 WL 762813, at 6, citingDresher v. Burt (1996), 75 Ohio St.3d at 295.
Marion Plaza contends that the facts of this case show that Fahey Bank has slept on its rights to the insurance proceeds and, therefore, should be barred from exercising its rights by laches. The elements of a laches defense are "(1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections (1995),74 Ohio St.3d 143, 145. See, also, Connin v. Bailey (1984),15 Ohio St.3d 34, 35. The length of delay alone is insufficient to constitute material prejudice. Connin, at 36. Furthermore, the provisions of R.C. Chapter 1309 apparently have not displaced general equitable principles. R.C. 1301.03.
In this case, Marion Plaza points out that Fahey Bank knew about the fire within days of its occurrence, but yet failed to inquire about insurance coverage and that the conversion action was commenced more than two years after the fire. Clearly, the record shows that Fahey Bank knew of the fire within days of its occurrence. However, according to the affidavit of the Bank's President, the bank was neither a party to the garnishment proceedings nor notified of the same. Contrary to Marion Plaza's assertions otherwise, Fahey Bank's answers to the interrogatories established that the bank had sought information from Ott and his counsel regarding the status of the insurance claim and that there was contact between the bank's counsel and the insurance agent. It was not until Marion Plaza commenced this litigation to collect the claimed rent that Fahey Bank took action to recover the insurance money. While the evidence suggested that Fahey Bank delayed in asserting its claim in reliance upon non-action, Marion Plaza has not shown that the bank's delay has materially prejudiced its defense. Thus, our review of the record indicates that the evidence offered does not warrant summary judgment for Marion Plaza on the issue of laches.
In support of its theory that Fahey Bank has waived its security interest, Marion Plaza theorizes that the bank could have been a named co-insured under the insurance policy or taken out its own policy based on the security agreement. R.C. 1309.25 provides that a security interest in collateral may be terminated by the debtor if "authorized by the secured party in the security agreement or otherwise." Based on such language, it is generally understood that a security interest may be "waived." United Natl. Bank, 81 Ohio App.3d at 106, citing 9 Anderson, Uniform Commercial Code (1985 1990 Supp.) 138, Secured Transactions, Section 9-306:8. Our review of the security agreements presented to the trial court shows that they gave the options of being a named co-insured under the insurance policy or taking out its own policy to the bank while the Otts were to keep the collateral insured. Thus, Marion Plaza has not shown in the instant case that Fahey Bank has expressly waived its security interest in the insurance proceeds.
Having found that genuine issues of material fact exist on Fahey Bank's claim of conversion, summary judgment was improperly granted by the trial court to the bank. Marion Plaza's first assignment of error is well-taken and is sustained to the extent indicated. In addition, based on the disposition of this assignment of error, Marion Plaza's third assignment of error concerning the award of prejudgment interest is rendered moot.
In its second assignment of error, Marion Plaza contends that summary judgment should have been granted in its favor with respect to its unjust enrichment or quasi-contract claim for the storage of Fahey Bank's collateral at the premises owned by Marion Plaza. In order to recover under a theory of quasi-contract, the elements are: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment (unjust enrichment). Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179,183. In order to prevent such an unjust enrichment, a promise to pay is implied by law. Smith dba Smith Equip. Co. v. Joseph aka Jimmy Joseph Joseph Floors, Inc. (May 9, 1985), Franklin App. No. 85AP-23, unreported, 1985 WL 10279, at 2.
Marion Plaza argues that the use and occupancy of the rental unit where the collateral was stored constituted an inequitable benefit to Fahey Bank justifying recovery for the rental value of its premises for fourteen months. Because such an action is equitable in nature, Marion Plaza contends that a secured party should not be permitted to evade paying for a benefit received based on a technical meaning of "possession" pursuant to R.C. 1309.18(A).
We first note that even though the parties appeared to agree inCampanella v. Commerce Exchange Bank (C.A.6, 1998), 137 F.3d 885, that the quantum meruit issue (unjust enrichment) turned on whether the secured creditor was "in possession" of the collateral prior to its removal from the premises, this claim was premised on R.C. 1309.18, which imposes certain duties on a secured party "in possession" of collateral. Specifically, R.C. 1309.18(A) provides that "[a] secured party must use reasonable care in the custody and preservation of collateral in his possession." "That is, the only basis for imposing a duty of care for the collateral is found in section 1309.18; therefore, in the absence of their possession of the collateral, the [secured creditors] had no duty of care and thus would have received no identifiable benefit or value, within the meaning of a quantum meruit claim, from [the landlord's] storage." Campanella, 137 F.3d. at 893.
The Eighth District Court of Appeals, when addressing liability for the alleged use of premises based upon a secured party's security interest, has likewise held a duty to pay arises only once a secured party is in possession of the goods. In Scott v. Ameritrust Co. Natl. Assn. (May 29, 1986), Cuyahoga App. Nos. 50667 50668, unreported, 1986 WL 6124, the court stated that under R.C. 1309.18, a secured party, once in possession of goods, acquires certain rights and duties in regard to the collateral. One such duty is to be responsible for all reasonable expenses incurred in the custody, preservation, use or operation of the collateral. Such an expense would include the payment of rent to store the collateral if necessary.
In concluding that under Ohio law actual possession is required to give rise to a duty of care on the part of the secured party, the Sixth Circuit in Campanella, supra, cited One Greenstreet, Inc. v. First Natl.Bank (1984), 19 Ohio App.3d 161, and Scott, supra. Both of these cases held that a mere right to possession is insufficient to hold a secured party liable for storage of its security interest in the goods and chattels. In rejecting the quantum meruit claim, the Sixth Circuit then determined that the secured party neither possessed nor exercised any control over the collateral located on the landlord's premises and, consequently, the storage conferred no benefit to the secured party.Campanella, 137 F.3d at 893-894.
In our view, given the cited authorities, the equitable remedy based on quasi-contract is not incompatible with holding a secured party liable for storage or use of a premises based upon its security interest only once the secured party is in possession of the goods. Thus, unless Fahey Bank actually possessed the collateral prior to its removal from the premises, the bank would have received no benefit from Marion Plaza's storage.
In the present case, the record is clear that Fahey Bank never repossessed the collateral during the time period in question. As a matter of fact, according to the Bank President's affidavit, the leasing agent for Marion Plaza requested that Fahey Bank not repossess the collateral as both parties could benefit. Marion Plaza had the benefit of obtaining a bowling lane operator at favorable rents if bowling equipment were in place, while the bank could recover more from the sale of collateral in place.
Despite this fact, Marion Plaza contends that Fahey Bank's actions seeking to sell the collateral and the discussions of possible dispositions of the collateral with the new tenant in the former Plaza Bowling Lanes establishes that Fahey Bank thereby acquired possession, ownership or control over the secured collateral. On March 31, 1997, Marion Plaza changed the locks to the rental unit and never gave Fahey Bank independent access to the unit during the time period the collateral remained on the premises. In the meantime, it appears that Marion Plaza had located a new tenant for the premises, Diamond Lanes, Inc., who proposed to the Bank's President to buy all the equipment and fixtures that the bank claimed to own in the former Plaza Bowling Lanes for $30,000, which Fahey Bank turned down. Marion Plaza's February 27, 1998 letter to Fahey Bank provided that "Marion is moving forward with reletting the former Plaza Bowling Lanes unit at The Marion Plaza." The record indicates that Marion Plaza also waited until that time to formally notify the bank to remove its collateral and to send written notice of its demand for the payment of rent for storage. In his affidavit, the Bank's President confirmed that Marion Plaza or its leasing agent had never suggested Fahey Bank would have to pay rent for storage of the secured collateral. Under these circumstances, we find that there is no genuine issue of material fact that Fahey Bank ever possessed or exercised sufficient control over the collateral for the period of time in question to give rise to a duty of care or to a duty to pay expenses related to the storage of the collateral.
We thus conclude that as a matter of law Fahey Bank is not liable to Marion Plaza for the use of its premises based on unjust enrichment or quasi-contract. Marion Plaza's second assignment of error is overruled.
In sum, we find that the trial court properly granted summary judgment in favor of Fahey Bank on Marion Plaza's claim for storage expenses, but erroneously granted the bank's cross-motion for summary judgment for the conversion claim. Accordingly, the portion of the trial court's judgment granting Fahey Bank's cross-motion for summary judgment on conversion and awarding the bank $75,142.43, plus interest, is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part and cause remanded.
 HADLEY and BRYANT, JJ., concur.