OPINION *Page 2 
{¶ 1} On November 10, 2005, appellant, Laurence Rose, filed a complaint against appellees, Alan, Mary, and Andrew Rehbein, for conversion of personal property on October 8, 2002. Mary and Andrew Rehbein had helped appellant's ex-wife, Kristi Rose, pack and move some personal property items from the marital residence on said date. Appellant alleged the parties converted personal property he had been awarded via a January 25, 2005 divorce decree.
 {¶ 2} All parties filed motions for summary judgment. By final entry filed October 9, 2006, the trial court granted appellees' motion and denied appellant's.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES, MARY REHBEIN AND ANDREW REHBEIN, DISMISSING PLAINTIFF'S COMPLAINT ALLEGING CONVERSION."
 I {¶ 5} Appellant claims the trial court erred in granting summary judgment to appellees. We disagree.
 {¶ 6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be *Page 3 
litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v.Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citingTemple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466,472, 364 N.E.2d 267, 274."
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 9} Appellant argues there exist genuine issues of material fact regarding his claims of conversion. "A conversion is recognized as any exercise of dominion or control wrongfully exerted over the personal property of another in denial of or under a claim inconsistent with his rights." Ohio Telephone Equipment Sales, Inc. v. Hadler RealtyCompany (1985), 24 Ohio App.3d 91, 93, citing Railroad Company v.O'Donnell (1892), 49 Ohio St. 489.
 {¶ 10} We note appellant does not include Alan Rehbein in his arguments. From our review of the affidavits, we disagree there exist genuine issues of material fact.
 {¶ 11} There are four affidavits, one from appellant's ex-wife, Kristi Rose, one each from appellees Alan and Mary Rehbein, and one from a licensed investigator, Diana Rankin. There is a fourth questionable statement of appellee Mary Rehbein which does not appear to be sworn although there is a notary stamp on the paper. *Page 4 
 {¶ 12} It is undisputed that in October 2002, appellees Mary and Andrew Rehbein assisted Ms. Rose in wrapping and boxing personal property items at her residence. Mary Rehbein aff. at ¶ 8 and 9. Neither appellee retained any possession of the items. Id. at ¶ 13, 14, 17, and 18; Alan Rehbein aff. at ¶ 4, 5, and 6. During this time period, appellant and Ms. Rose were husband and wife and both lived at the residence. Kristi Rose aff. at ¶ 2. It was not until January 25, 2005 that the Roses divorced. Id. It is also accepted as true under a summary judgment standard that Mary Rehbein witnessed items being removed from the marital residence. Diana Rankin aff. at ¶ 4 and 5.
 {¶ 13} None of these undisputed facts raise any scintilla of evidence to establish that appellees wrongfully exerted any control or possession over appellant's property.
 {¶ 14} The January 25, 2005 divorce decree, attached to appellant's September 12, 2006 response to defendant's motion to strike his motion for summary judgment as Plaintiff's Exhibit 3, disposed of all the parties' personal property as follows:
 {¶ 15} "13. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff, Laurence G. Rose, shall have as his own, free from all claims of Defendant the following described property:
 {¶ 16} "A. All his clothing and personal effects.
 {¶ 17} "B. All household good, furnishings and equipment currently in his possession or under his control and located at the former marital residence, save and except for the following: Oak pedestal; upright freezer; brass bed (missing parts); painted kitchen cabinet; Justin's bed; the aquarium; small items and books from Justin and Wyatt's bedrooms, which would not include the dresser in either room or the bed in *Page 5 
Wyatt's room, which three items are awarded to Plaintiff. Defendant shall take possession of these items awarded to her within thirty (30) days of the date of the Decree.
 {¶ 18} "C. All motor vehicles titled in his name or in his possession, (specifically including the 1996 Chevy Dually), subject to the indebtedness thereon, if any, which indebtedness he shall pay and satisfy and indemnify and hold Defendant harmless thereon. Defendant shall execute any and all titles, or other documents, necessary to transfer full ownership and title of said vehicles to Plaintiff.
 {¶ 19} "D. All right, title and interest in and to the marital residence/farm located at 1348 Darlington E. Rd., Bellville, Ohio, subject to the indebtedness thereon, which indebtedness Plaintiff shall pay and satisfy and indemnify and hold Defendant harmless thereon. If necessary Defendant shall execute a Quit-Claim Deed conveying her interest in and to Plaintiff.
 {¶ 20} "E. All right, title and interest in and to Lot Nos. 2, 4 5 of the lots owned by the parties located at S.R. 546 and Eckert Road, subject to the indebtedness thereon, which indebtedness Plaintiff shall pay and satisfy and indemnify and hold Defendant harmless thereon. Defendant shall execute a Quit-Claim Deed conveying her interest in and to said property unto Plaintiff.
 {¶ 21} "F. All farm equipment, tack, horse equipment, tractors, trailers, etc. located at the marital residence/farm.
 {¶ 22} "G. Except as provided otherwise herein, all other assets in the individual name of, possession of or under the control of Plaintiff, including but not limited to, all *Page 6 
funds on deposit in financial institutions, all pension and deferred compensations (sic) benefits of every kind and description and all life insurance policies.
 {¶ 23} "14. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, Kristi M. Rose, shall have as her own, free from all claims of Plaintiff, the following described property:
 {¶ 24} "A. All her clothing and personal effects.
 {¶ 25} "B. All household goods, furnishings and equipment now in her possession or under her control, save and except the `Spinnin and Grinnin' bronze sculpture and Great Pines Hall of Fame trophy, which are awarded to Plaintiff, and which Defendant shall deliver to her counsel's office within thirty (30) days of the Decree of Divorce, and Defendant is also awarded from the former marital residence/farm the following: Oak pedestal; upright freezer; brass bed (missing parts); painted kitchen cabinet; Justin's bed; the aquarium; the items and books from the boys bedrooms, but for the dresser located in each bedroom and the bed in Wyatt's room.
 {¶ 26} "C. All motor vehicles titled in Defendant's name, save and except the 1996 Chevy Dually, subject to the indebtedness thereon, if any, which indebtedness Defendant shall pay and satisfy and indemnify and hold Plaintiff harmless thereon.
 {¶ 27} "D. All right, title and interest in and to Lot No. 1 and No. 3 owned by the parties located on S.R. 546 and Eckert Road, subject to the indebtedness thereon, which indebtedness Defendant shall pay and satisfy and indemnify and hold Plaintiff harmless thereon. Plaintiff shall execute a Quit-Claim Deed conveying his interest in and to said lots unto Defendant. *Page 7 
 {¶ 28} "E. All right, title and interest in and to the Lot owned by the parties and located on U.S. Rt. 42 and Grubb Road, subject to the indebtedness thereon, which indebtedness Defendant shall pay and satisfy and indemnify and hold Plaintiff harmless thereon. Plaintiff shall execute a Quit-Claim Deed conveying his interest in and to said property unto Defendant.
 {¶ 29} "F. All right, title and interest in and to the horse `Earl B Nimble'.
 {¶ 30} "G. Except as provided otherwise herein, all other assets in the individual name of, possession of or under the control of Defendant, including but not limited to, all funds on deposit in financial institutions, all pension and deferred compensation benefits of every kind and description and all life insurance policies."
 {¶ 31} The decree specifically finds all other assets and household goods in the "individual name of, possession of or under the control of" Ms. Rose shall be deemed her property. See, ¶ 14(B) and (G).
 {¶ 32} Upon review, we find the trial court was correct in entering judgment for appellees.
 {¶ 33} Appellees request attorney fees for frivolous appeal. There remains pending in the trial court a similar request, filed October 26, 2006 and stayed November 21, 2006. There being no specific motion for attorney fees, we remand the issue to the trial court to address its pending motion.
 {¶ 34} The sole assignment of error is denied. *Page 8 
 {¶ 35} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed, but remanded to said court to determine its pending motion on attorney fees.
Farmer, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed, but the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1