OPINION
Defendant-Appellant, Angelo Cilli ("Appellant"), appeals from a Van Wert Municipal Court Small Claims decision finding him liable to his former employer, Plaintiff-Appellee, Ayers-Sterrett, Inc. ("Ayers") in the amount of $2,740.94.
On appeal, Appellant contends that the trial court's determination that he is liable to Ayers pursuant to an agreement between the parties is against the manifest weight of the evidence. However, because the trial court is better able to determine witness credibility and because competent, credible documented evidence supported Ayers' rendition of the agreement, the decision was not against the manifest weight of the evidence. Additionally, Appellant claims that the finding of his liability for converting company property was against the manifest weight of the evidence. We do not reach the merits of this issue because the trial court incorrectly placed the burden of proof upon Appellant, thus we remand the matter with respect to this issue.
The facts leading to this appeal are as follows. Appellant was hired by Ayers as a plumber and was issued a company work truck. Ayers claims that during Appellant's employment and upon his termination, circumstances resulted in Appellant owing money and the return of equipment to the company. First, Ayers maintains that Appellant had an unpaid account resulting from the purchase of several items from Ayers for his personal use totaling $1,189.17. Appellant admits receipt of the items, and Ayers contends they were never paid for.
Ayers also avers that it had an agreement with Appellant concerning Appellant's use of his own equipment for work done on behalf of Ayers. Appellant's testimony indicated that the parties agreed that if he had to use his own tools while working for Ayers he would either be reimbursed for any necessary repairs to the equipment or Ayers would pay to replace the equipment. Conversely, Ayers presented testimony at trial indicating the original agreement was that Ayers would pay for repairs only; however, after the equipment became in need of repair, Ayers realized that the repair cost would be much more than the equipment was worth. At that time, Ayers asserts that the parties mutually agreed that Ayers would pay for new equipment, and in return, Appellant would be responsible for paying the difference between the new equipment price and the quoted repair cost. Ayers supported its claim with a writing captioned as a company "statement" that referenced the agreement, recited the amount of the price difference, and was signed by Appellant.
Thereafter, Appellant's employment was terminated. When Appellant returned his work truck, the contents were inventoried, and Ayers alleged that two pieces of standard equipment were missing from the truck that were issued to every vehicle and that only Appellant had control of the vehicle during his employment. Appellant, however, claims that the equipment was not on his truck because equipment frequently changed hands between the employees at Ayers as they worked on various jobs.
When Appellant failed to return or pay for the disputed equipment, Ayers filed a complaint in the Van Wert Municipal Court, Small Claims Division, seeking to recover the amounts allegedly owed. Based upon the evidence presented, the trial court held that Appellant was liable in all respects and set damages at $2,740.94. From this judgment, Appellant appeals asserting the following sole assignment of error.
 Assignment of Error I The judgment finding Defendant-appellant liable to the Plaintiff-appellee for $2,740.94 is against the manifest weight of the evidence presented at trial.
Appellant contends on appeal that the trial court's finding that he is liable for the difference between the cost of new equipment and the repair cost of his personal equipment and for the cost of the missing equipment from his truck was against the manifest weight of the evidence. Appellant does not, however, dispute his liability for the account owed to Ayers for the purchase of equipment he received for personal use.
As an initial matter, we note that judgments will not be reversed upon appeal as being against the manifest weight of the evidence if they are supported by some competent, credible evidence going to all of the essential elements of the case.[1]
The testimony elicited at trial, herein, conflicted as to the parties' agreement concerning Ayers' replacement of Appellant's personal equipment. We note, however, that the credibility of witness testimony is within the province of the trial court, and a reviewing court should not reverse a decision simply because it may hold a different opinion concerning credibility of witnesses;[2] therefore, the court was free to believe the testimony on behalf of Ayers over the testimony of Appellant with respect to the terms of the parties' agreement. Furthermore, the documentation provided by Ayers in the form of a company "statement" form, while not a complete written reduction of an oral contract, did contain an amount due, Appellant's signature, and the following statement: "difference of repair cost vs[.] new cost for test equip[ment]." Consequently, we find that there was competent, credible evidence supporting the trial court's determination concerning the agreement between the parties, and we overrule Appellant's assertion with respect to this issue.
Appellant further contends that the trial court's determination concerning his liability for the tools missing from his work truck was also against the manifest weight of the evidence. As a threshold matter, we note that in a civil case, the plaintiff bears the burden of proof to establish all of the elements comprising his claim by a preponderance of the evidence.[3] Because Ayers is claiming that Appellant converted company equipment, Ayers has the burden to prove that Appellant wrongfully exerted dominion or control over the property in denial of or under a claim inconsistent with Ayers' rights after a demand for the return of the property was made.[4] However, at the trial herein, the court incorrectly stated that because the equipment was missing, the burden was on Appellant to show that he never had it in his possession. Therefore, since the trial court incorrectly shifted the burden to Appellant, we must remand the cause with respect to this issue in order for the trial court to apply the correct burden of proof.
Having found error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed in part, and reversed insofar as it relates to the conversion claim, and the matter is remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
SHAW, P.J., and HADLEY, J., concur.
[1] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280.
[2] Seasons Coal Co., Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77,80.
[3] State v. Robinson (1976), 47 Ohio St.2d 103, 107; Felger v. I-DealAuto Sales, Inc. (Oct. 31, 1997), Van Wert App. No. 15-97-6, unreported;Knece v. Norway (Feb. 22, 2000), Athens App. No 98CA41, unreported.
[4] Marion Plaza, Inc. v. Fahey Banking Co. (Mar. 6, 2001), MarionApp. No. 9-2000-59, unreported, citing Bench Billboard Co. v. City ofColumbus (1989), 63 Ohio App.3d 421, 428; Ohio Tel. Equip. Sales, Inc.v. Hadler Realty Co. (1985), 24 Ohio App.3d 91, at paragraphs one and three of the syllabus.