[Cite as *Nelson v. Hill*, 2011-Ohio-2510.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SALLY NELSON, TRUSTEE | : | JUDGES: |
| | : | |
| Plaintiff | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | Hon. Patricia A. Delaney, J. |
| | : | |
| MARK A. HILL | : | |
| | : | |
| Third Party Plaintiff-Appellant | : | Case No. 10-CA-17 |
| | : | |
| -vs- | : | |
| | : | |
| MARION ROSE BRILL | : | |
| | : | |
| Third Party Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Knox County Court of
Common Pleas, Case No. 09OT01-0015


JUDGMENT:      AFFIRMED IN PART; REVERSED IN
PART AND REMANDED


DATE OF JUDGMENT ENTRY:      May 23, 2011


APPEARANCES:

For Appellant:                                 For Appellee:

MARK A. HILL, *pro se*                   STEPHEN A. MOYER
P.O. Box 30823                           9 E. Kossuth St.
Gahanna, OH 43230               Columbus, OH 43206

*Delaney, J.*

{¶1}   Third Party Plaintiff-Appellant, Mark A. Hill, appeals the August 19, 2010 judgment entry of the Knox County Court of Common Pleas granting summary judgment in favor of Plaintiff, Sally Nelson, Trustee of the Patricia Brill Trust and Third-Party Defendant/Appellee, Marion Rose Brill, and dismissing Appellant's Third-Party Complaint.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Sally Nelson, Trustee of the Patricia Brill Trust ("Trustee"), is the owner of a horse farm located in Knox County, Ohio.  Third Party Defendant-Appellee, Marion Rose Brill, resides at the farm with her mother, Patricia Brill.

{¶3}   Appellee and Appellant became friends and began a romantic relationship.  During the course of their relationship, Appellant moved his horses and other personal property and equipment to the farm.  Appellant alleged that Appellee and Appellant had entered into a business arrangement where Appellant would provide Appellee with 60 round bales of hay in exchange for allowing Appellant to board his twelve horses at the farm where Appellee would provide the horses with training and care.

{¶4}   The personal relationship between Appellant and Appellee terminated. Appellee asked Appellant to remove his horses and equipment from the farm.  On October 30, 2008, counsel for the Trustee sent Appellant a certified letter asking Appellant to remove his horses and equipment from the farm by November 5, 2008.  If the horses and equipment were not removed, the Trustee stated she would file an eviction action against Appellant.

{¶5} Appellant removed some property but did not remove the horses. On December 4, 2008, a three-day notice was served upon Appellant ordering him to remove the horses and the equipment. The Trustee filed a Forcible Entry and Detainer action with the Mount Vernon Municipal Court on January 12, 2009.

{¶6} Appellant filed an Answer and Counterclaim. The amount of damages complained in Appellant's Counterclaim exceeded the jurisdiction of the municipal court so the matter was transferred to the Knox County Court of Common Pleas. The Trustee filed an Answer to Appellant's Counterclaim.

{¶7} On March 5, 2009, Appellant filed a Motion for Leave to File a Third-Party Complaint. The trial court granted the motion on March 9, 2009. The Third-Party Complaint named Appellee as the third-party defendant. The Third-Party Complaint alleged that Appellee and Appellant entered into the above-stated business arrangement. Appellant stated that Appellee breached the business arrangement by failing to care for and train Appellant's horses thereby decreasing the value of the horses. Appellant also claimed that Appellee converted his horse equipment for her own benefit and use. Appellant finally alleged that Appellee's actions caused him emotional distress.

{¶8} The Forcible Entry and Detainer hearing was held on March 16, 2009. The trial court issued its judgment entry on March 20, 2009. The trial court granted the Trustee's demand for restitution of the premises. It ordered Appellant to remove the twelve horses and equipment from the farm on March 30, 2009.

{¶9}    Appellant filed a Motion for Stay of Execution on March 23, 2009, arguing that Appellee was not cooperating to permit Appellant to remove his horses and equipment.  The trial court denied the motion.

{¶10}  On March 30, 2009, Appellant was present at the farm to remove the horses and equipment pursuant to the court order.  Also present were Deputy Jamie Ferenbaugh of the Knox County Sheriff's Department and Appellant's friend, Vaughn Jones.  Appellant removed four horses and equipment from the farm.  Deputy Ferenbaugh attested that Appellant told him that he had removed everything except one horse and had removed all of the personal property he wished to remove.  He further stated that a deputy could be available the next day to supervise any further removal of the property, but Appellant stated to the Deputy that he would not come back the following day for anything else.

{¶11}  After the March 30, 2009 eviction, eight of Appellant's horses remained at the farm.  The Trustee sent Appellant a certified letter on April 7, 2009, asking Appellant to remove the eight horses by April 14, 2009.  If the horses were not removed, the Trustee stated she would consider the horses to be abandoned property and would be sold.

{¶12}  Appellant responded to the Trustee by letter requesting a date for removal of the horses.

{¶13}  On April 17, 2009, the Trustee filed a Motion for Abandonment with request for an order to allow disposition of the property.  The motion only requested an order of abandonment as to the eight horses.

{¶14} On April 20, 2009, the trial court granted the Order of Abandonment finding that the eight remaining horses were to be considered abandoned by Appellant. The horses were to be sold and the proceeds kept by Appellee for reimbursement for her care of the horses.

{¶15} The Third-Party Complaint remained pending before the trial court. On February 11, 2010, the trial court ordered the parties to proceed with the case or the matter would be dismissed.

{¶16} Appellee filed a Motion for Summary Judgment on July 21, 2010. Appellee argued that Appellant's claims for breach of the business arrangement, diminution in value of the horses, and conversion of his equipment was rendered moot by the April 20, 2009 Order of Abandonment.

{¶17} The Trustee also filed a Motion for Summary Judgment, arguing that the Patricia Brill Trust had no involvement with the claims made by Appellant against Appellee.

{¶18} Appellant filed a response to the motions. He argued that the Order of Abandonment had no connection to Appellant's Third-Party Complaint.

{¶19} On August 19, 2010, the trial court granted the Trustee's and Appellee's Motions for Summary Judgment without opinion. The trial court further dismissed Appellant's Third-Party Complaint.

{¶20} It is from this decision Appellant now appeals.

**ASSIGNMENT OF ERROR**

{¶21}  Appellant raises one Assignment of Error:

{¶22}  "I.  THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT HILL BY GRANTING SUMMARY JUDGMENT IN FAVOR OF THIRD PARTY DEFENDANT BRILL BASED ON BRILL'S POSITION THAT AN ORDER OF ABANDONMENT OF HORSES PRECLUDED ALL OF THIRD PARTY PLAINTIFF'S OTHER CLAIMS WHICH DID NOT AT ALL DEAL WITH HORSES."

**I.**

{¶23}  Appellant argues the trial court erred in granting summary judgment in favor of Appellee because the claims raised in Appellant's Third-Party Complaint were separate from the Order of Abandonment of Appellant's eight horses.[1]  We agree.

{¶24}  Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶25}  "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing

---

[1] Appellant does not appeal the trial court's decision to grant the Trustee's Motion for Summary Judgment.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."

{¶26} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶27} A review of Appellant's Third-Party Complaint shows that Appellant raises the claims of (1) breach of a business arrangement between Appellant and Appellee for the boarding, care, and training of Appellant's horses in exchange for Appellee providing round bales of hay to Appellee, (2) conversion of Appellant's property, and (3) emotional distress.

{¶28} Appellee did not answer the Third-Party Complaint but instead filed a Motion for Summary Judgment. The thrust of Appellee's arguments in her Motion for Summary Judgment were that the Order of Abandonment disposed of Appellant's claims as a matter of law. Appellee stated that Appellant's causes of action arose from the horses boarded at the farm. When Appellant abandoned his eight horses, Appellee argued that Appellant had therefore abandoned his claims based upon an alleged business arrangement between the parties, conversion of property, and emotional distress. Appellee further argued that Appellant's causes of action for conversion and emotional distress were derivative actions from the business arrangement. In support of her motion, Appellee also provided Civ.R. 56 evidence in the form of affidavits from Appellee and Deputy Ferenbaugh.

{¶29} Upon our *de novo* review of the Motion for Summary Judgment, we first examine the Order of Abandonment. The Trustee, the owner of the farm, filed the Motion for Abandonment after Appellant had removed only four of his twelve horses from the farm pursuant to the eviction order. The Order issued on April 20, 2009, finds that Appellant abandoned eight of his horses boarded at the farm because Appellant did not remove those horses pursuant to the terms of the eviction order. The Order of Abandonment makes no mention of Appellant's equipment or personal property. The Order permits Appellee to sell the horses and keep the proceeds of the sale to reimburse her for her expenses in boarding those eight horses.

{¶30} We next examine Appellant's first cause of action, the breach of the business arrangement between Appellant and Appellee and his demand for damages based on that breach. We first find the April 20, 2009 Order of Abandonment does not render these claims moot. The existence of an alleged business arrangement between Appellant and Appellee is separate and apart from the Order of Abandonment granted to the Trustee in the eviction action. Nor does the Order of Abandonment settle the question of damages. Appellant boarded twelve horses at the farm and he removed four horses pursuant to the eviction order. Appellant is in possession of four horses that were boarded at the farm and allegedly subject to the business arrangement.

{¶31} The next question is whether Appellee met her burden to show there is no genuine issue of material fact that a business relationship did not exist between the parties and Appellant suffered no damages from the termination of that alleged relationship. "Ohio courts have held that the elements for a breach of contract are that a plaintiff must demonstrate by a preponderance of the evidence (1) that a contract

existed, (2) that the plaintiff fulfilled his obligations, (3) that the defendant failed to fulfill his obligations, and (4) that damages resulted from this failure." *Moore v. Adams,* Tuscarawas App. No.2007AP090066, 2008-Ohio-5953, ¶22.  In support of her argument, Appellee provided her affidavit stating there was no business arrangement. Appellee provided his opposing affidavit in support of his response to the summary judgment stating there was a business arrangement between the parties.  Reviewing the Civ.R. 56 evidence in a light most favorable to the non-moving party, we find that the only witnesses to the existence of the business relationship have given conflicting statements.  Therefore, we find there is a genuine issue of material fact as to whether the parties entered into a business arrangement for the boarding of the horses.

{¶32}  In order to demonstrate a breach of contract, Appellant must also prove his damages.  Appellant states in his Third-Party Complaint that because of the breach of the business arrangement, the value of Appellant's horses were diminished. Appellee relies upon her argument that the Order of Abandonment of the eight horses rendered Appellant's request for damages for the twelve horses moot.  As we stated above, the Order of Abandonment dealt only with the eight remaining horses. Appellant, however, is in possession of four horses that were allegedly part of the business agreement.

{¶33}  Upon a review of the motions and supporting Civ.R. 56 evidence, we find that neither party has provided any evidence of the existence or lack of damages from the alleged breach of the business arrangement.  The Ohio Supreme Court has held that in order for a motion for summary judgment to be granted, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact

concerning an essential element of the opponent's case." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264.  In order to carry this burden:

{¶34}  "* * * [T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * *" Id.

{¶35}  On this record, we cannot say there is no genuine issue of material fact as to damages because the moving party has not met her burden to show that reasonable minds can come to but one conclusion that there has been no diminution in value of the four horses.

{¶36}  Appellant's next cause of action is conversion.  Conversion is the wrongful control or exercise of dominion over the property belonging to another inconsistent with or in denial of the rights of the owner. *Bench Billboard Co. v. Columbus* (1989), 63 Ohio App.3d 421.  Appellant's Third-Party Complaint, filed prior to the Motion for Abandonment, alleged that Appellee possessed some of Appellant's horse equipment, such as tack.

{¶37}  In support of her motion that there was no genuine issue of material fact that Appellee did not possess any of Appellant's property, Appellee provided the affidavit of Deputy Ferenbaugh.  Deputy Ferenbaugh spoke to Appellant during the March 30, 2009 eviction from the farm.  The officer stated that Appellant told him he had removed all of the personal property he wished to remove.  Appellee also submitted her affidavit that stated during November 2008, Appellant removed the equipment and tack

complained of in Appellant's Third-Party Complaint. Appellant's opposing affidavit states that he while he had removed personal property from the farm, he did not remove any of his horse tack from the farm either in November 2008 or on March 30, 2009. Appellant also submitted the affidavit of Vaughn Jones, Appellant's friend who accompanied Appellant to the March 30, 2009 eviction. Mr. Jones attested that he did not see Appellant remove any horse tack.

{¶38} Again we have evidentiary materials that give conflicting stories as to the whereabouts of Appellant's property. We cannot find there is no genuine issue of material fact as to Appellant's claim of conversion of the horse tack.

{¶39} We finally address Appellant's claim for the negligent or intentional infliction of emotional distress. Appellant stated in his Third-Party Complaint that Appellee threatened to shoot his horses. We first find that a claim for negligent infliction of emotional distress cannot lie in this matter. In *Gearing v. Nationwide Ins. Co.* (1996), 76 Ohio St.3d 34, 665 N.E.2d 1115, the Supreme Court found Ohio law limited recovery for claims alleging negligent infliction of emotional distress to situations where the plaintiff was a bystander to an accident or was in fear of physical consequences to himself. Therefore, the trial did not err in granting summary judgment on this claim.

{¶40} We next address Appellant's claim for intentional infliction of emotional distress. Upon review of Appellee's Motion for Summary Judgment, we find that Appellee did not raise the issue in her motion. We therefore find that Appellee has failed to meet her burden that there is no genuine issue of material fact on Appellant's claim for intentional infliction of emotional distress.

{¶41}  Based on our *de novo* review of Appellee's Motion for Summary Judgment and the supporting Civ.R. 56 evidence in a light most favorable to the non-moving party, we find that reasonable minds could reach differing conclusions as to the status of the evidence and whether Appellee is entitled to judgment as a matter of law, with exception of Appellant's negligent infliction of emotional distress claim.

{¶42}  Accordingly, we overrule in part and sustain in part Appellant's Assignment of Error.

{¶43}  The judgment of the Knox County Court of Common Pleas is affirmed in part, reversed in part and the matter is remanded to the trial court for further proceedings consistent with this opinion and judgment.

By: Delaney, J.

Gwin, P.J. concur

Farmer, J. concurs in part and dissents in part

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

*Farmer, J., concurs in part and dissents in part*

{¶44} Although I concur with the majority's position on the order of abandonment, I nonetheless dissent for the following reasons.

{¶45} My opinion is based on the third-party complaint's claim for breach of contract. Pursuant to R.C. 1335.05, the agreement was not to be performed within a one year period, and any suit on the breach of the agreement is barred by the statute of frauds:

{¶46} "No action shall be brought whereby to charge***a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

{¶47} Given the procedural history of this case, I would find a judgment on the pleadings could have been rendered. Further, given the trial court's non-specific ruling on the motion for summary judgment, the statute of fraud's preclusion would be appropriate.

{¶48} Because of our de novo review on Civ.R. 56 motions, I believe it would be appropriate to find that the trial court's judgment is correct based upon the applicability of R.C. 1335.05.

_____

HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SALLY NELSON, TRUSTEE | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| -vs- | : | |
| | : | JUDGMENT ENTRY |
| MARK A. HILL | : | |
| | : | |
| Third Party Plaintiff-Appellant | : | |
| | : | Case No. 10-CA-17 |
| -vs- | : | |
| | : | |
| MARION ROSE BRILL | : | |
| | : | |
| Third Party Defendant-Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed in part, and reversed in part and remanded.  Costs assessed equally to Appellant and Appellee.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. SHEILA G. FARMER